# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2022

Lyle W. Cayce
Clerk

No. 21-60077

Sara Raquel Fuentes-Guevara,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 727 113

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Sara Raquel Fuentes-Guevara, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals affirming the immigration judge's denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60077

We review the BIA's decision and consider the IJ's underlying decision only insofar as it influenced the BIA's decision. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Further, we review Fuentes-Guevara's arguments under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This requires that she demonstrate "the evidence [was] so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Fuentes-Guevara fails this standard. In relevant part, she argues that both the IJ and BIA erred by failing to (1) provide a reasoned analysis regarding cognizability, or (2) address the nexus between her proposed social group (PSG) and alleged persecution. She also contends that the BIA erred in determining that her PSGs were not cognizable. But four points stand in the way of Fuentes-Guevara's desired relief.

First, some of these arguments were not raised to the BIA. Fuentes-Guevara did not previously claim that the IJ erred by failing to engage in a reasoned analysis or address the nexus between her PSG and the alleged persecution. Neither did she seek reconsideration from the BIA once its decision issued, revealing the same analytical concerns.[1] We therefore lack jurisdiction over these claims. *See Martinez-Guevara*, 27 F.4th at 359–60; 8 U.S.C. § 1252(d)(1).

Neither can we conclude the BIA reversibly erred by affirming the IJ's rejection of Fuentes-Guevara's PSGs. "[C]ognizibility. . . presents a

---

[1] These claims are "*new* defect[s] that the BIA 'never had a chance to consider,'" which "arise[] '*only* as a consequence of' the Board's [alleged] error." *Martinez-Guevara v. Garland*, 27 F.4th 353, 359–60 (5th Cir. 2022) (citations omitted). This means "[w]e treat those claims as unexhausted unless the petitioner presents them to the Board in a motion to reconsider." *Id.* at 360.

legal question" whose "answer indisputably turns on findings of fact." *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019) (accumulating cases). On this backdrop, a cognizable PSG must meet certain standards regarding social visibility or distinction, *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (observing that this court has declined to recognized proposed social groups that are "exceedingly broad and encompass[] a diverse cross section of society"), and cannot define itself solely by reference to the underlying harm, *Jaco v. Garland*, 24 F.4th 395, 402–07 (5th Cir. 2021). It is with this in mind that the BIA correctly concluded Fuentes-Guevara's PSGs were not cognizable. As was the case for "Honduran women" in *Jaco*, the PSG of "Salvadorian women" is insufficiently particularized. *Id.* at 407; *accord Orellana-Monson*, 685 F.3d at 519. Furthermore, the remaining PSGs—namely, "abused women in El Salvador" and "Salvadoran women forced into prostitution"—are impermissibly defined by the underlying harm. *See, e.g.*, *Jaco*, 24 F.4th at 405. We thus believe that substantial evidence supports the BIA's cognizability conclusion.[2]

Third, we cannot conclude that the BIA erred by declining to consider whether Fuentes-Garcia demonstrated a nexus between her PSG and alleged persecution. There is simply no need to consider nexus where the coordinate PSG is not cognizable. *See Bagamasbad*, 429 U.S. at 25; *see also, e.g.*, *Aguilar-De Martinez v. Garland*, 857 F. App'x 830, 831 (5th Cir. 2021) (declining to consider nexus where cognizability precluded relief). As we

---

[2] Our cognizability holding moots the need to consider Fuentes-Guevara's eligibility for withholding—a higher standard than that for asylum. *See, e.g.*, *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (citation omitted). The same is true of her challenges to the IJ's credibility determination and refusal of discretionary relief. *See, e.g.*, *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results . . . .").

have explained previously, the BIA "does not have to 'write an exegesis on every contention.'" *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (citation omitted). Fuentes-Guevara's belief otherwise is mistaken.

Finally, we will not supplant the BIA's holding as to Fuentes-Guevara's CAT claim. While Fuentes-Guevara may have presented generalized evidence of violence against women in El Salvador, the BIA correctly concluded that the record did "not establish a clear likelihood that a public official from El Salvador would likely acquiesce in or exhibit willful blindness toward any torture inflicted" upon Fuentes-Guevara. *See, e.g.*, *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *see also, e.g.*, *Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019) ("[A] government's inability to protect its citizens does not amount to acquiescence." (internal quotation marks and citation omitted)); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493–94 (5th Cir. 2015) (reasoning that general evidence of gang violence and police corruption in Honduras was insufficient to show that the applicant would face torture or that the government would acquiesce thereto). The tragedy of Fuentes-Guevara's situation does not mean that the evidence compels a different result. *See, e.g.*, *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 355 (5th Cir. 2002). We therefore conclude that substantial evidence supports the BIA's holding.

Fuentes-Guevara's petition for review is DENIED in part and DISMISSED in part.